United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FOSSUM, on behalf of himself, all others similarly and situated and the general public,<br><br>            Plaintiff,<br><br>   v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>            Defendant. | No. C 10-2657 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF CALIFORNIA** |

Defendant's motion to transfer venue is scheduled for a hearing on September 17, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion and TRANSFERS this case to the Southern District of California.

**BACKGROUND**

On June 17, 2010, plaintiff Kevin Fossum filed this putative class action against Northwestern Mutual Life Insurance Company. The complaint alleges that from April 2007 until March 2009, Fossum was employed as a Financial Representative by Northwestern in its Irvine, California office. Compl. ¶¶ 4, 31. The complaint challenges Northwestern's classification of Financial Representatives as independent contractors, and alleges that "[u]nder the guise of their being independent contractors, [Northwestern] would regularly charge its Financial Representatives for necessary business expenses, including, without limitation, fees for cubical rent, telephone, computer, faxes, parking, marketing

materials, and clerical assistance, and would deduct such 'expenses' from their earnings." *Id.* ¶ 1. The complaint alleges a claim for conversion, as well as claims under California Labor Code §§ 203, 226, 1174, 1174.5, 2802, California Wage Order 4-2001, and California Business & Professions Code § 17200. The complaint seeks to represent a Rule 23 class of all Financial Representatives employed in California at any time from four years prior to the filing of the complaint to entry of judgment in this case. *Id.* ¶ 43.

On June 25, 2009, plaintiffs Lola Lint, Norma Waddell, and David Yang filed a putative collective action under the Fair Labor Standards Act ("FLSA"), and a Rule 23 class action under various California wage and hour laws in the Southern District of California, *Lint v. Northwestern Mutual Life Ins. Co.*, Case No. 09 CV 1373 DMS (RBB). The *Lint* complaint alleges that Northwestern misclassified Financial Representatives as independent contractors, and alleges that because Financial Representatives are actually "employees" of Northwestern, they are owed overtime and minimum wages. The *Lint* complaint seeks to represent a nationwide opt-in class pursuant to the FLSA, and a Rule 23 class of all Financial Representatives employed in California at any time from four years prior to the filing of the complaint to entry of judgment. *Lint* Compl. ¶ 31 (attached as Exhibit A to defendant's motion).

**DISCUSSION**

Defendant moves to transfer this action pursuant to both the "first-to-file" rule and 28 U.S.C. § 1404(a). Under the "first-to-file" rule, a district court has discretion to "transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). The rule applies when "a complaint involving the same parties and issues has already been filed in another district." *Id.* at 625. The parties and issues need not be identical for the first-to-file rule to apply. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997). Rather, the crucial inquiry is whether the parties and issues substantially overlap. *Id.* The rule was designed to promote judicial economy, and therefore "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir.

1982).

Courts look to three factors when applying the first-to-file rule: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003). Plaintiff argues that although *Lint* was filed first, the first-to-file rule does not apply because the second and third factors are not met here. With regard to the similarity of the parties, plaintiff emphasizes the facts that *Lint* includes a nationwide opt-in FLSA class, that *Lint*'s California Rule 23 class period goes back to July 25, 2005 whereas the *Fossum* California Rule 23 class period only goes back to June 17, 2006, and that the *Lint* class consists of Financial Representatives who were denied overtime and minimum wages, while the *Fossum* class consists of Financial Representatives from whom unlawful deductions for necessary business expenses were made. Relatedly, plaintiff argues that the third factor is not satisfied because *Lint* involves claims for overtime and minimum wages, while *Fossum* challenges business expenses deductions.

The Court finds that the distinctions drawn by plaintiff are not meaningful and do not preclude the application of the first-to-file rule. The *Fossum* putative class is entirely subsumed within the *Lint* class, and the fact that *Fossum* includes a nationwide FLSA class and a longer Rule 23 California class period does not lessen the similarity of the two California classes. The central issue in both of these lawsuits is whether Financial Representatives are properly classified as independent contractors or employees, and both complaints allege that as a matter of "economic reality" Financial Representatives are employees. *Lint* Compl. ¶ 7; *Fossum* Compl. ¶ 11. Thus, both cases will involve common proof regarding, *inter alia*, the job duties of Financial Representatives and the degree of control exercised by Northwestern over Financial Representatives' performance of their jobs.

The fact that *Lint* seeks overtime and minimum wages while *Fossum* seeks unreimbursed business expenses does not defeat a finding of substantial similarity. "Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are 'substantially similar.'" *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 WL 21056704, at *2 (W.D. Wash. May 9, 2003) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). In both cases, the class members' entitlement to the damages and restitution sought turns on whether Financial Representatives are independent contractors or employees; the putative class members in *Lint* are not

3

entitled to overtime or minimum wages if they are properly classified as independent contractors, *see* Cal. Labor Code § 510, and the putative class members in *Fossum* are not entitled to business expense reimbursement if they are properly classified as independent contractors, *see* Cal. Labor Code § 2802. The Court finds that transferring this action to the Southern District for coordination or consolidation with *Lint* will avoid the possibility of inconsistent rulings regarding the independent contractor vs. employee question.

Plaintiff also argues that transfer will not result in greater judicial efficiency because *Lint* is at a more advanced stage of litigation. Plaintiff notes that *Lint* has been litigated for over a year, and that discovery is set to close this fall. However, defendant has submitted the declaration of Barbara Miller, one of the attorneys of record in *Lint*, which states that the *Lint* trial date is not until August 22, 2011, that the *Lint* parties are in the process of applying for an extension of discovery and other pretrial deadlines, and that at the August 13, 2010 status conference in *Lint*, Judge Sabraw stated that he was aware of the instant motion to transfer venue and that he might further continue relevant deadlines in *Lint* if this case was transferred to the Southern District. Given the substantial overlap in issues, the Court finds that transfer would result in greater judicial efficiency because the discovery and litigation can be coordinated.

Accordingly, the Court concludes that the "first-to-file" rule applies here and that this action should be transferred to the Southern District of California. The Court does not reach the parties' arguments about the alternative ground for transfer under 28 U.S.C. § 1404(a).

## CONCLUSION

For the foregoing reasons and good cause shown, the Court hereby GRANTS defendant's motion to transfer. (Docket No. 10).

**IT IS SO ORDERED.**

Dated: September 16, 2010

SUSAN ILLSTON
United States District Judge

4